

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. Piner Powell
County Attorney
Brown County
Brownwood, Texas

Dear Sir:

Opinion No. O-2566
Re: Apportionment of penalties
and interest to various funds
when collected.

We are in receipt of your letter of July 23, 1940, requesting the opinion of this department, which reads in part as follows:

"As you are aware, much interest and penalties have accumulated on taxes, and the question propounded to your Department is this: To what fund must the interest and penalties when collected be placed and subsequently disbursed?

". . .

"In nearly all the cases which have come to my attention it seems that a certain tax collector was collecting taxes for all the taxing authorities, and the questions involved were how should the funds arising from the collection of interest and penalties be apportioned. No case thus far called to my attention involved the question whether a bondholder for instance, for the payment of whose bond a certain tax had been levied, could compel the taxing authority to devote the interest and penalty to the payment of his bond; and in no case so far as my knowledge goes, was the question involved whether a taxpayer could compel such disposition of the interest and penalty fund. I am particularly anxious for your opinion on this aspect of the question."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. J. Piner Powell, Page 2

The general rule with reference to the disposition of penalties and interest is stated in Cooley on Taxation, 4th Ed. Vol. 4, p. 3378, Sec. 1821, as follows:

"Penalties for delinquent taxes generally follow the tax and go to the district entitled to the tax, unless it is otherwise provided by statute. On the other hand, if the penalties are imposed by the Legislature, their disposition rests in its discretion. Money derived from penalties and forfeitures where taxes are delinquent are not a part of the tax, and where imposed by the Legislature it has a right to dispose of such funds as it likes, regardless of the purpose of the tax, as against the objection that public money raised for one purpose cannot be used for another. . ."

The general rule is also stated in 61 Corpus Juris p. 1528, Sec. 2250, as follows:

"Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county, or city, according as the one or the other is entitled to the tax itself, and, in cases where two or more of these are interested in the tax, such interest and penalties should be apportioned among them in the ratio of their respective shares of the tax, the foregoing being sometimes provided for by statute. But the Legislature may change this rule and dispose otherwise of interest or penalties. A statute providing for the distribution of interest and penalties collected in a different manner from the disposition of the taxes on which the interest and penalties are based does not amount to the application of taxes to objects other than for which they were imposed. . ."

Article 7336, Revised Civil Statutes, 1925, as amended, which provides for penalties and interest on delinquent taxes, reads in part as follows:

Hon. J. Finer Powell, Page 2

"All penalties and interest provided for in this Act shall, when collected, be paid to the state, counties, and districts, if any, in proportion to the taxes upon which the penalty and interest are collected. All discounts provided for in this Act shall, when allowed, be charged to the state, counties, and districts, if any, in proportion to the taxes upon which such discounts are allowed."

You state that you have been unable to find any statute in Texas providing for the disposition of penalties and interest and we have been unable to find any except that quoted above which applies as between the various taxing authorities and not expressly to the various funds of the county.

In the case of Jones vs. Williams, 121 Tex. 94, 45 S. W. (2d) 130 our Supreme Court held that penalties and interest are no part of the tax and the Legislature therefore has authority to make disposition thereof or to release such penalties and interest. It is suggested that this holding affords the basis for strong argument that the taxing authorities do not necessarily have to place the interest and penalties in the particular fund for which the delinquent taxes were levied and assessed. We do not think, however, that this is the natural or proper result of such holding since it is an application of the general rule that the Legislature may make other provisions for the disposition of penalties. The question here presented involves the proper crediting of penalties as between various funds when the Legislature has not given any specific direction with reference thereto.

It would seem to follow, by analogy to the general rules hereinabove stated, that in the absence of statutory provisions to the contrary, penalties collected for tax delinquency should follow the principal and be prorated among the various funds for which the taxes were collected. If this were not true there would be no provision for the deposit and accounting for penalties and interest.

It is therefore our opinion that penalties and interest, when collected, should be prorated and placed to the credit of the various funds to which the taxes in question were due and upon which the penalties and interest in question accrued.

Hon. J. Piner Powell, Page 4

You discuss a further question in your letter, but from attached correspondence and other data we believe it does not concern the county, but is a question affecting a water improvement district and its bondholders, which it would hardly be proper for us to attempt to answer.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 3, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Cecil C. Cammack
Assistant

CCC:JM

